STATE OF VERMONT

ENVIRONMENTAL COURT

Village of Ludlow, Plaintiff,

                                     }

v                                   }

                                     }   Docket No. 213-11-98 Vtec

Kenneth Tofferi and Totem      }

Pole Ski Shop, Inc.,            }

Defendants.

### Decision and Order on Motion to Amend

Plaintiff Village is represented by J. Christopher Callahan, Esq.; Defendants are represented by Matthew T. Birmingham, III, Esq.; Intervenor George Dunnett represents himself. Prior related cases in Environmental Court, Docket Nos. 132-8-96 and 133-8-96 Vtec, are on appeal to the Supreme Court. The Superior Court case establishing the boundary between the Dunnett and Tofferi properties was also appealed to the Supreme Court and has been concluded there.

The Court issued its decision and order in December of 1999, deciding the question of violation, and imposing interim injunctive relief regarding snow removal. That decision determined that a substantial portion of the new building extended into the setback area of West Hill Road, and a portion of the rear of the new building extended into the setback from the property boundary with Mr. Dunnett' s property. However, the decision recognized that it should not require Defendants to remove the offending portions of the buildings until the Supreme Court would have concluded its appeal. To prevent Defendants from obtaining an economic advantage from the buildings constructed in violation, the decision ordered that until the Supreme Court would have ruled on the pending appeals:

Defendants shall not use any interior space created by the new building or the north dormer for any business or personal purpose whatsoever, including as retail space or for the storage of inventory used in the business, and shall not display any advertising related to the business on, in or through the windows of the new building or the north dormer.

Thus, under the December 1999 Decision and Order, Defendants were ordered not to use any part of the new building during the pendency of the Supreme Court appeal of the earlier two cases.

Defendants moved to stay that Decision and Order and also appealed it to the Supreme Court. The stay was granted by Judge Cheever, conditioned on the posting of a bond. A motion to lift that stay (originally scheduled as the Village' s Motion for Contempt of the December 1999 order) was heard by Judge Wright at the Washington District Court on February 8, 2000. She issued a decision on the video taped record. Attorney Birmingham prepared a written order, which Judge Wright amended and signed on February 18, 2000. The prepared order focused on

the space that met setbacks to the Dunnett/Totem Pole boundary, and was silent as to the space that met or intruded into the West Hill Road setbacks. The February 18 order left the stay in place as to the area that met the Dunnett/Totem Pole setback and lifted it as to the area that did not meet that setback, requiring that area to be screened off and not to be used.

On July 6, 2000, the Supreme Court dismissed the appeal of the December 1999 Decision and Order, but the earlier cases remained on appeal. In July 2000, upon Defendants' request, the Court returned a portion of the bond, as the stay had been partially lifted.

On August 22, 2000, Mr. Dunnett moved for contempt, as Defendants were using the area of the new building within the West Hill Road setback. During the contempt hearing held on October 12, 2000, it became apparent for the first time that the February 18, 2000 order, even when read together with the original December 1999 order, did not clearly order Defendants to screen off and not to use the area of the new building within the West Hill Road setback pending the Supreme Court' s ruling on the appeals of the earlier cases.

Mr. Dunnett has moved to amend the February 18, 2000 order to conform to the original December 1999 order that Defendants not use any of the interior space created by the new building. Defendants opposed the amendment on the grounds that it fails to meet the V.R.C.P. 60(b) grounds for relief from an order or judgment, noting that no motion for relief from that judgment was made until eight months after it had been issued. Defendants request that no further amendments be made to the February order in anticipation of a decision from the Vermont Supreme Court on the earlier cases.

However, as of the date of this order that Supreme Court decision has not been issued, and we must address the motion. The amendment seeks to carry out the Court' s original intent in the December 1999 order, that Defendants not use any of the interior space created in violation of the setback requirements. The February 2000 amendment only focused on adjustments to address the appeal of the back boundary line, in a separate Supreme Court case which has since been decided, and only inadvertently relieved defendants of that original limitation.

Accordingly, Intervenor' s motion to amend is GRANTED, as follows. The stay is lifted of the requirements and limitations of the December 1999 order, so that the order is in effect as follows (alterations of the original order are shown in **bold type**):

Until the Supreme Court rules on **Supreme Court Docket No. 1998-314 (**the appeals from Docket Nos. 132-8-96 Vtec and 133-8-96 Vtec**)**, Defendants shall not use any interior space **within the West Hill Road setback** created by the new building **and shall not use** the north dormer for any business or personal purpose whatsoever, including as retail space or for the storage of inventory used in the business, and shall not display any advertising related to the business on, in or through the windows of the new building or the north dormer. Also until such time, Defendants shall contract with an independent snow removal contractor to arrange for the removal of any snow which has slid onto Intervenor' s business property from the new building or onto Intervenor' s residential property from the north dormer, within three hours of such snow slide if it occurs during Intervenor' s business hours, or by the beginning of the next business day if it occurs outside of Intervenor' s business hours.

Within 45 days after the Supreme Court rules **in Supreme Court Docket No. 1998-314**, or as soon thereafter as weather conditions allow the work to be done, Defendants shall remove the portions of the new building which extend into the setback areas, and shall remove the north dormer, unless the Supreme Court has reversed or remanded some portion of those decisions, in which case this Court will schedule a conference at the earliest date after receiving notice of the Supreme Court's decision.

Because the calculation of monetary penalties must take into consideration whether a defendant must also expend substantial funds on compliance, it is not possible for this Court to impose final monetary penalties until after the Supreme Court should rule **in Supreme Court Docket No. 1998-314**. This Court will issue such a ruling without further briefing of the penalty issues after receiving the Supreme Court's decision, unless one or more of the parties moves for such further briefing within one week after receiving the Supreme Court's decision. Town of Hinesburg v. Dunkling, **167 Vt. 514 (1998)**.

Dated at Barre, Vermont, this 6th day of April, 2001.

_____

Merideth Wright
Environmental Judge